**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| ALTEDIAS MAURICE CAMPBELL,<br><br>       Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C12-2061-LRR<br>No. CR01-2002-LRR<br><br>ORDER |

This matter appears before the court on Altedias Maurice Campbell's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). Altedias Maurice Campbell ("the movant") filed his § 2255 motion on August 28, 2012. The movant previously sought relief under 28 U.S.C. § 2255, and, before filing the instant action, the movant did not move the Eighth Circuit Court of Appeals for authorization allowing the court to file and consider a second 28 U.S.C. § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"This rule is absolute." *Boykin v. United States*, 2000 U.S. App. LEXIS 27076 at *1-3, 2000 WL 1610732 at *1 (8th Cir. 2000) (per curiam unpublished opinion) (vacating judgment regarding 28 U.S.C. § 2255 motion and remanding case to district court to dismiss for lack of jurisdiction). *Cf. Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (discussing 28 U.S.C. § 2244(b)); *Vancleave v. Norris*,

150 F.3d 926, 927-28 (8th Cir. 1998) (same). Accordingly, the movant's instant 28 U.S.C. § 2255 motion shall be dismissed.[1]

**IT IS THEREFORE ORDERED**:

The movant's 28 U.S.C. § 2255 motion (docket no. 1) is DISMISSED.

**DATED** this 28th day of January, 2013.

 _____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court also notes that the movant's reliance on *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010), is misplaced because the Eighth Circuit Court of Appeals ultimately resolved issues differently in *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011).